**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al.,[1] Debtors.**

**Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

v.

**Robert Lee Rager d/b/a Ragwrite, Defendant.**

**Bankruptcy No. 99–02261(PJW).
Adversary No. 01–3367.**

United States Bankruptcy Court, D. Delaware.

Aug. 15, 2003.

---

**1.** Hechinger Investment Company of Delaware, Inc., BSQ Acquisition, Inc., BSQ Transferee Corp., BucksProp Holding Company, Centers Holdings, Inc., Hechinger Company, Hechinger Finance, Inc., Hechinger Financial Holdings Company, Hechinger Property Company, Hechinger International, Inc., Hechinger Property Company, Hechinger Royalty Company, Hechinger Stores Company, Hechinger Stores East Coast Company, Hechinger Towers Company, HIDS, Inc., HProp, Inc., HQ Mid–Atlantic, LLC, HQ Partners, L.P., HQ Southwest, LLC, ManProp Holding Company, Pennsy, Inc. PhilProp Holding Company, RemProp, Inc., are collectively referred to as the "Debtors."

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Gregory S. Abrams, Melody G. Anderson, ASK Financial, Tarzana, CA, Co–Counsel for Plaintiff, Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtor in Possession.

Robert Lee Rager, Seabrook, MD, Pro Se.

PETER J. WALSH, Chief Judge.

Dear Mr. Rager and Counsel:

This is with respect to defendant Robert Lee Rager's, doing business as Ragwrite,

motions for summary judgment (Doc. # 9) and sanctions (Doc. # 12). For the reasons set forth below, I will deny the summary judgment motion and continue any final ruling on the sanctions motion.

In the motion for summary judgment, Defendant asserts that plaintiff Hechinger Investment Company of Delaware ("Hechinger"), by its counsel ASK Financial ("Counsel"), is not entitled to avoid payments allegedly made to Defendant during the ninety day period before Hechinger filed its bankruptcy petition. Defendant argues that the ordinary course of business exception to 11 U.S.C. § 547, is applicable to the subject transfers. *See* 11 U.S.C. § 547(c)(2). Under § 547(c)(2), a trustee may not avoid a transfer if: (A) the payment was incurred by the debtor in the ordinary course of business or financial affairs of the debtor and transferee; (B) the transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) the transfer was made according to ordinary business terms. *See* 11 U.S.C. § 547(c)(2).

■ Mr. Rager contends that the documentation attached to his summary judgment motion satisfies § 547(c)(2)'s three prongs. However, at this time I find that Mr. Rager's evidence fails to satisfy his burden of proof as to the application of § 547(c)(2)(C). Section 547(c)(2)(C) is satisfied when a defendant presents objective evidence that the terms were ordinary in relation to the standards of the creditor's industry. *See In the Matter of Midway Airlines, Inc.*, 69 F.3d 792, 797 (7th Cir. 1995). While it is true that expert testimony is not required, a defendant must provide admissible, non-hearsay testimony related to industry credit, payment and general business terms in order to support its position.

■ Defendant's exhibits D91–D95 are out of court statements Mr. Rager has submitted to demonstrate that general industry business and credit terms are similar to the terms of the Ragwrite–Hechinger relationship. *See* Doc. # 9, Ex. D91–D95. Specifically, Mr. Rager solicited information from other communications businesses in order to satisfy § 547(c)(2)(C) and attached the responses to his summary judgment motion without supporting affidavits. These responses contain statements that are offered for the truth of the matter therein and are therefore inadmissible hearsay.

■ Mr. Rager asserts that Exhibits D91–D95 are admissible under the business record exception to the hearsay rule. *See* Fed.R.Evid. 803(6). In order for the business record exception to apply, a party must lay a proper foundation through the testimony of a credible witness. After that, a document will be admitted if a party demonstrates that: (1) the record was made in the regular practice of the business, (2) kept in the regular course of the business, (3) made by a person with knowledge, and (4) made at or near the time of the event recorded. The business record exception does not help Mr. Rager as Exhibits D91–D95 do not satisfy the recited requirements.

First, the exhibits are direct responses to Mr. Rager's solicitations seeking information regarding business terms. The solicitations were made in preparation for Mr. Rager's defense (including the summary judgment motion) to this avoidance action. The e-mailed responses cannot qualify as business records because none of above requirements are satisfied. The e-mails, by nature, were not made contemporaneous to the transactions described.

Second, Mr. Rager's proffered business records include a "transaction detail report" provided by Greg Rosenberg of Business Communications Solutions, Inc.,

see Doc. # 9, Exs. D91 & D92, and a form of client agreement used by Business Communications Solutions. *See id.* at Ex. D93. These two records do not meet the business record exception requirements. The transaction detail report was created by Mr. Rosenberg in response to Mr. Rager's request for information and there is no indication the report was made in the regular practice of Mr. Rosenberg's business. There is also no indication that Mr. Rosenberg keeps this type of record in the regular course of business. Mr. Rosenberg's transaction report is a year-end summary of previously completed transactions, which summary was generated for Mr. Rager's benefit in this litigation. The above comments also apply to Exhibit D93, Mr. Rosenberg's form of client agreement.

Mr. Rager's proffered evidence in support of his § 547(c)(2) defense is deficient. Because material issues of fact remain, summary judgment is inappropriate and the motion will be denied.

With respect to the motion for sanctions, Mr. Rager asserts that Hechinger and Counsel have (1) made false representations to the Court, (2) have not actively pursued settlement in this case, and (3) have refused to provide Hechinger's reasons for not accepting Mr. Rager's ordinary course of business defense. In various pleadings, Mr. Rager states that he relied on Counsel's representations when proceeding with this case *pro se,* but it is important to note that Mr. Rager is not Counsel's client. Without a fuller understanding regarding the dealing between Mr. Rager and Counsel, I am unable to conclude that the materials provided by Hechinger and Counsel contain false and misleading statements. Counsel is required to act in the interests of Hechinger and is not required to analyze, or even accept, Mr. Rager's ordinary course of business defense. Counsel did not provide

Mr. Rager with detailed reasons for rejecting the ordinary course of business defense presumably because such information would be presented during trial and, as I understand it, Mr. Rager has not conducted any pretrial discovery. Additionally, as both sides have agreed, the burden of proof is on Mr. Rager to show § 547(c)(2) applies; the burden is not on Hechinger to show that this defense does not apply.

The Court also notes that Hechinger initially offered Mr. Rager approximately $7800 to settle this adversary proceeding. Mr. Rager rejected this offer and proceeded to request Hechinger's reasons for not applying the ordinary course of business defense. Because Mr. Rager refused the initial settlement, Hechinger reasonably assumed that this preference action would go to trial. Even proceeding *pro se,* Mr. Rager should have realized that, in settlement negotiations, Counsel would certainly seek to settle on terms more favorable to Hechinger. I would also note that while Mr. Rager asserts Counsel breached a duty to settle in good faith, Mr. Rager has not provided testimony detailing his counteroffers to, or negotiations with, Hechinger.

Under the circumstances, while I am doubtful Mr. Rager can make out a case for sanctions, I will defer ruling on the matter pending a final disposition of this adversary proceeding.

In conclusion, I am constrained to comment on the effort and activity in this case to date which certainly appears far out of proportion to the amount at issue. The vast majority of preference actions of this magnitude are resolved by compromise solutions after limited discovery activity.